UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CHARLES JACKSON, :
      Plaintiff, :
       :
v. : No. 2:11-cv-05922
       :
ZANE DAVID MEMEGER *et al.*, :
      Defendants :

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                                January 7, 2021
**United States District Judge**

**I.**       **INTRODUCTION**

On September 29, 2011, Plaintiff Charles Jackson initiated this action pursuant to 42 U.S.C. §1983 alleging that he is the victim of a malicious prosecution. On November 3, 2011, because Jackson's underlying criminal case was still ongoing, all proceedings were stayed "until plaintiff informs the Court that his criminal case has been resolved, including any available appellate proceedings." *See* ECF No. 10. Jackson never contacted the Court, but after discovering that the criminal proceedings had been closed for several months, this Court[1] issued an Order on October 23, 2020, directing Jackson to notify the court on or before December 1, 2020, whether or not he intends to pursue this action. *See* ECF No. 13. The Order warned that if Jackson failed to timely comply, "this action will be dismissed for failure to prosecute and comply with a court order." *Id.* To date, there has been no response. After balancing the *Poulis*[2] factors, the action is dismissed.

---

[1]     The above-captioned case was reassigned to the Undersigned on July 7, 2015. *See* ECF No. 12.

[2]     *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

**II.   LEGAL STANDARD**

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. *See Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

**III.   ANALYSIS**

The first *Poulis* factor weighs in favor of dismissal of the above-captioned case because as a pro se litigant, Jackson is personally responsible for his actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor also weighs in favor of dismissal because Jackson's complete failure to litigate this action frustrates and delays its resolution. *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction"). In addition, Jackson failed to inform this Court, and presumedly Defendants, of his change of address. *See* E.D. Pa. Local Rule 5.1(b) (requiring pro se parties to "notify the Clerk within fourteen (14) days of any change of address"); (3d Cir. *Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 1994)

(determining that *Poulis* prejudice "also includes deprivation of information through non-cooperation with discovery").[3]

As to the third factor, Jackson has a history of dilatoriness. *See Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). This action was filed more than nine years ago and the criminal proceedings were closed almost a year ago.[4] Jackson failed to notify this Court of the completion of his criminal case so that the above-captioned proceedings could resume. Rather, the Court discovered the closing on its own. Six months ago, Jackson failed to inform the Court of his address change. He also failed to comply with the Order directing him to notify the Court by December 1, 2020, whether he intends to pursue this action. The last time Jackson filed anything in the above-captioned case was in January 2012.

Regarding the fourth factor, because this Court has no explanation for Jackson's dilatoriness, it is unable to determine whether his conduct is in bad faith. In light of Jackson's apparent medical issues, as noted in the compassionate release motion and order in the criminal case, the Court also cannot determine whether his conduct is willful. This factor is therefore neutral or weighs against dismissal. *But see Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)

---

[3]  After discovering that the sentence in Jackson's criminal case was reduced to time-served and he was released to begin his term of supervised release, this Court contacted Adult Probation and Parole to obtain his current mailing address.

[4]  Judgment was entered against Jackson in his criminal case on December 20, 2013, at which time he was sentenced to 330 months imprisonment, ten years of supervised released, and fines. *See USA v. Jackson.*, No. 2:10-cr-00388 (E.D. Pa.) at ECF No. 334. Judgment was affirmed on September 23, 2015. *See id.* at ECF No. 356. The district court thereafter addressed motions to reduce and to vacate the sentence. All such motions were disposed of by February 18, 2020. *See id.* at ECF Nos. 374-375. On July 2, 2020, the Government filed a compassionate release motion to reduce Jackson's sentence to time-served, which was granted. *See id.* at ECF Nos. 376-378.

(holding that "no single Poulis factor is dispositive" and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint").

Fifth, monetary sanctions are not an appropriate alternative to dismissal because of Jackson's financial status- he is proceeding *in forma pauperis*. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (determining that sanctions are not an alternative sanction to a pro se litigant proceeding *in forma pauperis*").

Finally, the claim lacks merit because Jackson's criminal conviction has not been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Although his term of imprisonment was reduced to time-served, Jackson is currently serving his sentence of supervised release and his conviction remains lawful.

## IV.     CONCLUSION

After weighing all the *Poulis* factors, the Court dismisses the above-captioned action for Jackson's failure to prosecute.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge